■ In the Matter of JOHN POLAK, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE DEPARTMENT ARTICLE II PENSION FUND et al., Appellants.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered on September 30, 1991, which granted a petition brought pursuant to CPLR article 78 to annul a determination of respondent Board of Trustees denying petitioner's application for an accident disability pension and ordered respondents to grant the application, unanimously reversed, on the law, the petition denied, and the determination confirmed, without costs.

Upon judicial review, under CPLR article 78, of a determination of the Board of Trustees, which, upon a tie vote, has denied an application for an accident disability pension, the court should annul the determination if the record establishes, as a matter of law, that the disability was the natural and proximate result of a service-related accident *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352; *Matter of Gehm v Board of Trustees,* 158 AD2d 687). In the case at bar, the decision of the Board was supported by the conclusions of the three physician Medical Board, which determined that there was not a causal connection between petitioner's 1974 line-of-duty injury to his ankle and his current disability. While petitioner presented contrary medical opinion, it cannot be said that the Board's resolution of the conflicting medical evidence was erroneous as a matter of law *(see, Matter of Gehm v Board of Trustees, supra).* Under these circumstances, the determination should be confirmed. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.