■ In the Matter of CHARLES J. BRUGNOLOTTI, Appellant, v LEE P. BROWN, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [597 NYS2d 597] — Order and judgment (one paper), Supreme Court, New York County (Stuart C. Cohen, J.), entered March 24, 1992, which, in a proceeding pursuant to CPLR article 78 to annul respondent's determination denying petitioner's application for accidental disability retirement, denied the application and dismissed the petition, unanimously affirmed, without costs.

We agree with the IAS Court that the contrary medical opinion and other evidence presented by petitioner does not establish, as a matter of law, that petitioner's current, permanent disability is the natural and proximate result of the two line-of-duty injuries he sustained in 1979 and 1985 (see, Matter of Polak v Board of Trustees, 188 AD2d 341). Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.

■ GLORIA HARRISON, Respondent, v GOLDEN TREE HOMES, INC., et al., Defendants, and RAY E. SHAIN et al., Appellants. [597 NYS2d 597] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about April 3, 1992, which denied defendants' motion pursuant to CPLR 3211 (a) (7), to dismiss the complaint, unanimously affirmed, with costs.

In this action by a contract vendee of real property to recover her downpayment it cannot be determined as a matter of law that defendants did not receive the monies in escrow until the status of the person who did receive the monies is resolved.

We have considered the defendants-appellants' remaining arguments, and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.