■ In the Matter of Miguel A. Casiano, Appellant, v Lee P. Brown, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [617 NYS2d 477] —Order and judgment (one paper), Supreme Court, New York County (Stanley Sklar, J.), entered August 27, 1993, which denied and dismissed petitioner's CPLR article 78 petition seeking to annul the determination of the Board of Trustees of the New York City Police Department Article II Pension Fund denying petitioner's application for accidental disability retirement benefits, unanimously affirmed, without costs.

Respondents' determination that petitioner's psychological

disability, resulting, in part, from stress and various traumatic events related to his work as a police officer, was not an "accidental injury" within the meaning of Administrative Code of the City of New York § 13-252 was not arbitrary, capricious or an abuse of discretion (see, Matter of Impellizeri v Teachers' Retirement Sys., 173 AD2d 389, lv denied 78 NY2d 859; Matter of Evans v City of New York, 145 AD2d 361). The Board of Trustees was entitled to rely upon the opinion of the Medical Board with respect to causation, notwithstanding conflicts in the medical testimony (see, Matter of Polak v Board of Trustees, 188 AD2d 341, lv denied 81 NY2d 706). Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.