■ In the Matter of MICHAEL A. WALSH, Respondent, v MICHAEL J. CODD, as Chairman of the Board of Trustees of the New York City Police Department, Article 2 Pension System, et al., Appellants.—Judgment, Supreme Court, New York County, entered February 10, 1978, remanding the application of petitioner for accident disability retirement to Police Department Article 2 Pension System for reconsideration of its determination thereon, is modified, on the law, so as to strike the next to the last decretal paragraph in said judgment, and the judgment is otherwise affirmed, without costs. In this article 78 proceeding, petitioner seeks an order directing respondents to retire him with an accident disability allowance. Respondent's board of trustees in reliance upon their medical board had retired petitioner with ordinary retirement allowance only. Except in the respect hereinafter stated, we agree with Justice Fein's decision remanding the matter for reconsideration. However, carrying into effect a portion of Justice Fein's opinion, the next to the last decretal paragraph of the judgment provides: "ORDERED AND ADJUDGED, that if the respondents find that the aforesaid accident did not cause the disabling condition, they shall set forth their opinion as to the cause for petitioner's disability, supported by competent medical evidence." This paragraph seems to us to impose upon the trustees and the medical board a duty to make a diagnosis beyond what they should be required to do. It is the duty of the respondents to determine whether the line of duty accident caused the disabling condition. Once they have determined that the accident did not cause the disabling condition, their duty is performed and they should not be required to determine what did cause the disabling condition. The finding of presence or absence of causal relation is all that is required by law. "The fact that neither the medical board nor appellant could find or name the exact cause of petitioner's disability does not invalidate their findings, implicit in their decision, that there was no causal connection." *(Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y.,* 37 AD2d 378, 381.) It is also impractical to require the medical board to determine the cause, other than the accident, for petitioner's disability. As a matter of logic and practice, it is perfectly possible to find that there is no causal relationship between condition and accident without knowing what did cause the condition. To determine the latter may require considerably more study, including examination by other consultants. It may require further tests, perhaps even operative procedures, and in the case of "personality disorder," psychiatric examination, long term analysis, etc. to try to arrive at an affirmative answer which may be doubtful and would in any event be legally irrelevant. Concur—Markewich, Silverman and Yesawich, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm on the opinion of Fein, J., at Special Term. The circumstances in this case as delineated in Judge Fein's opinion distinguish this matter

from what might be said to be the general rule set forth in this court's opinion.