■ In the Matter of WILLIAM BOMBACIE, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, ARTICLE II, NEW YORK CITY POLICE DEPARTMENT, et al., Appellants.—Resettled order and judgment, Supreme Court, New York County, entered May 11, 1979, annulling the determination of the Board of Trustees of the Police Pension Fund which denied petitioner's application for service-connected disability benefits, unanimously reversed, on the law, without costs or disbursements, the trustees' determination reinstated, and the petition dismissed. Special Term found no credible evidence to support the medical determination that petitioner's psychosis predated the on-the-job accident of November 15, 1974. We find that the trustees did not act arbitrarily in following the recommendation of the medical board, whose finding of no causal relationship was medically

supported. After reviewing all of the medical data the medical board concluded that the psychosis with features of schizophrenia and paranoia which petitioner exhibited was not the consequence of a minor head injury. Even his pyschiatrist could not state that petitioner's mental illness was caused by his accident. At most, he found that the symptoms appeared after the accident. The burden of proving causal connection is upon petitioner. *(Matter of Drayson v Board of Trustees of Police Fund of City of N. Y.,* 37 AD2d 378, affd 32 NY2d 852.) That the medical board was unable to determine the exact cause of petitioner's mental illness does not detract from its findings. *(Matter of Drayson, supra.)* Once the trustees and the medical board have "determined that the accident did not cause the disabling condition, their duty is performed and they should not be required to determine what did cause the disabling condition." *(Matter of Walsh v Codd,* 68 AD2d 805.) Concur—Kupferman, J. P., Sandler, Sullivan, Silverman and Carro, JJ.