# (December 27, 1983)

■ In the Matter of MICHAEL TARR, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, ARTICLE II, Appellant. — Judgment of the Supreme Court, New York County (I. Gammerman, J.), entered on December 13, 1982, which annulled a determination of the board of trustees, which had denied accident disability retirement

to the petitioner-respondent and retired him on ordinary disability, is unanimously reversed, on the law, the petition is dismissed, and the determination of the board is reinstated, without costs. Petitioner-respondent Michael Tarr joined the Police Department of the City of New York in 1969. In 1974, he suffered an injured left knee in the line of duty when he tripped and fell in an abandoned building. At that time, the X rays showed a pre-existing condition of osteochondritis dissecans of the articular surface of the medial cordyle of the femur. In layman's terms, this is a condition in which unconnected particles of matter occur in a joint when the bone becomes dense and fragmented as a result of tissue death caused by a shortage of blood supply. This condition usually begins to develop during adolescence. After 44 days of sick leave, petitioner returned to active duty. In 1979, petitioner again injured his left knee in the line of duty when he hastily existed from his patrol car in an attempt to apprehend two fleeing suspects. The injury was diagnosed as a sprain. Thereafter, petitioner went on sick leave and then returned to light duty. On May 22, 1980, the Medical Board of the Police Pension Fund, after examining petitioner at the request of the police commissioner, recommended that petitioner be retired on ordinary disability rather than accident disability under section B18-43.0 of the Administrative Code of the City of New York. Special Term twice annulled the determination of ordinary as opposed to accident disability retirement and remanded the matter to the board for further consideration. In the first order, from which no appeal was taken, Special Term (Greenfield, J.), held that the court was unable to determine whether the decision of the medical board, adopted by the board of trustees, was supported by credible evidence because the medical board had not specified the authority or basis for its conclusion. Upon remand, the medical board again determined that petitioner was not entitled to accident disability retirement, referring in its report to the 1974 and 1979 X rays of petitioner's left knee, which the medical board determined showed no aggravation of the pre-existing osteochondritis condition by the two injuries. Special Term (Gammerman, J.), in the order appealed from, again annulled the medical board's determination which was adopted by the board of trustees, on the ground that the medical board failed to specify the basis or authority for its finding that the petitioner's disability was not causally related to a line-of-duty accident. This was error. The burden is on the petitioner to prove that a claimed disability is causally related to a line-of-duty accident (see *Matter of Drayson v Board of Trustees of Police Pension Fund*, 37 AD2d 378, 380, affd 32 NY2d 852) and, the question being one of medical judgment, the medical board's finding that no evidence of aggravation of the pre-existing condition was presented is amply supported by its comparison of the X rays and its examination of petitioner. Moreover, the 1979 injury did not result from an accident within the contemplation of section B18-43.0 of the Administrative Code inasmuch as the injury was the result of the performance of ordinary duty and not the result of an accident. (See *Matter of Lichtenstein v Board of Trustees of Police Pension Fund*, 57 NY2d 1010.) Section B18-43.0 provides for accidental disability retirement when a member is physically incapacitated "as a natural and proximate result of an accidental injury". Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.