■ In the Matter of LOUIS A. PETRELLA, Appellant, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, Respondent.—Or-

der of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 6, 1987, which, *inter alia,* denied so much of the CPLR article 78 petition as seeks to remand this matter to respondent Board of Trustees with a direction that petitioner be awarded an accidental disability pension, is unanimously reversed, to the extent appealed from, on the law, without costs, and the matter remanded to the Board of Trustees for reconsideration, consistent herewith, of the causal connection between petitioner's psychiatric disability and his work as a police officer.

On January 7, 1985, petitioner, then a New York City police officer, applied for an accident disability pension based on psychiatric disability, assertedly stemming from a 1980 incident in which he shot and killed a suspect in the line of duty. Subsequent to the incident, petitioner was investigated by two separate Grand Juries and had to defend an action commenced pursuant to 42 USC § 1983, alleging that he had violated the decedent's civil rights. This latter action continued for four years. Petitioner also applied for an accident disability pension based on a line-of-duty back injury, which matter is not presently before us.

On January 10, 1985, the Psychiatric Medical Board, after examining petitioner and reviewing his record, concluded that he suffered from a depressive order with paranoid features, the result of a long-present borderline personality. The Medical Board recommended that petitioner's application for ordinary disability retirement be approved and his application for accident disability retirement denied. The Board of Trustees remanded the psychiatric disability application to the Medical Board to hear new evidence, particularly the evaluation of two psychiatrists, one of whom concluded that petitioner's psychiatric disorder was work related. The Medical Board reaffirmed its original determination, rejecting any causal connection between petitioner's disorder and any line-of-duty occurrence. Subsequently, on November 13, 1985, the Board of Trustees retired petitioner for non-service-connected disability.

By article 78 petition dated March 14, 1986, petitioner, *inter alia,* sought an order directing that he be awarded an accident disability pension based on his psychiatric disorder. The court dismissed the petition, insofar as it sought an order directing an award of accident disability, ruling that petitioner, who had the burden of establishing a causal connection between a line-of-duty occurrence and his disability, had failed to establish that the determination of the Board of Trustees was without a rational basis.

We reverse and remand for reconsideration, since the Board of Trustees appears to have applied an incorrect standard of causation in determining whether to grant petitioner an accident disability pension based on his psychological disorder. In concluding merely that petitioner's disorder stemmed from a long-present borderline personality and rejecting the psychiatric evaluation of a work-related trauma, the Medical Board and Board of Trustees appear to have neglected to consider the causation rule that "[a]n accident which precipitates the development of a latent condition or aggravates a preexisting condition is a cause of disability within the meaning of Administrative Code of the City of New York" *(Matter of Tobin v Steisel,* 64 NY2d 254, 257, and cases cited, at 259). Accordingly, the matter must be remanded for reconsideration in light of the appropriate rule of causation. *(Supra,* at 257.) Concur—Ross, J. P., Carro, Rosenberger, Wallach and Smith, JJ.