■ In the Matter of DIANE E. EVANS, Respondent, v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 28, 1986, which granted the application of petitioner-respondent, and directed that petitioner's application for accident disability retirement be remanded for further medical (psychiatric) evaluation and findings by the Medical Board, unanimously reversed, on the law, the petition dismissed, and the determination of the Board of Trustees reinstated, without costs.

Petitioner, a police officer appointed to the New York City Police Department on July 20, 1973, has had a history of hospitalization for rectal bleeding beginning in late 1982, and she has been on sick report almost continuously since November 1982. On June 28, 1984, the Medical Board diagnosed petitioner's disability as ulcerative colitis. At that time the three members of the Medical Board, one of whom was a psychiatrist, rejected petitioner's application for accidental disability retirement benefits, and on October 24, 1984, the Board of Trustees retired petitioner on ordinary disability.

The IAS court held that the failure of either the Medical Board or the Board of Trustees to make a determination of the cause of petitioner's condition required a remand for further psychiatric findings and evaluation. This conclusion erroneously assigned the burden of proof on the issue of accidental injury to respondents; on the contrary, it is the applicant for accident disability retirement who has the burden of establishing that the disability is causally connected to a line-of-duty accident (Matter of Drayson v Board of Trustees, 37 AD2d 378, 380, affd 32 NY2d 852; Matter of Tarr v Board of Trustees, 98 AD2d 687, 688). Once the Trustees have made a determination that a line-of-duty accident did not cause the

disability they are under no obligation affirmatively to determine what did cause it *(Matter of Bombacie v Board of Trustees,* 74 AD2d 530, 531).

It is undisputed that petitioner suffers from ulcerative colitis, which is a stress-related disease. But even if the stress were caused by the nature of petitioner's employment, such a clinical evaluation would not constitute an accident, which requires "a sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact" *(Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). Consequently "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties * * * is not an accidental injury" within the meaning of the applicable legislation *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012). At best, such is the case here. Accordingly, we reverse. Concur—Sullivan, J. P., Kassal, Rosenberger and Wallach, JJ.