■ In the Matter of LUDWIG GEHM, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND, et al., Respondents.—

The Board of Trustees denied the petitioner's application for an accident disability pension following a vote of six in favor and six against. Under such circumstances, the decision of the Board of Trustees must stand "[u]nless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident"

*(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352; *see also, Matter of McCambridge v McGuire,* 62 NY2d 563; *Matter of Quill v Ward,* 138 AD2d 305). Though the petitioner claims that his accident precipitated the development of the latent disabling condition *(see generally, Matter of Tobin v Steisel,* 64 NY2d 254, 257; *Matter of Whitton v Spinnato,* 143 AD2d 274; *Matter of Petrella v Board of Trustees,* 141 AD2d 361; *Matter of Wygand v Regan,* 135 AD2d 1060), the record is equivocal in that regard. Therefore, it cannot be said as a matter of law that the petitioner sustained his burden of establishing a causal relation between the accident and his disabling condition. Accordingly, the Board of Trustees' determination was properly confirmed *(see, Matter of Whitton v Spinnato, supra; Matter of Martucci v Fire Dept.,* 123 AD2d 630; *Matter of Tarr v Board of Trustees,* 98 AD2d 687). Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.