■ In the Matter of MARY L. IMPELLIZERI, Appellant, v TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered February 7, 1990, which denied and dismissed petitioner's CPLR article 78 petition seeking to annul and vacate respondent Teachers' Retirement System's determination denying her accident disability retirement benefits, unanimously affirmed, without costs.

Petitioner, a former special-education classroom teacher, argues that her emotional disorder and right eye dysfunction are causally related to the physical injuries and stress she suffered while employed. We disagree.

Petitioner bears the burden of proving that a service-related "accident" caused her disabilities *(see, Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852). She has presented no medical opinion linking her present disabilities to physical injury received during the course of her employment. Indeed, we note petitioner's own doctors, even with respect to petitioner's eye ailment, concluded that on-the-job stress was likely the cause of petitioner's overall disabilities.

Insofar as petitioner argues entitlement to accident disability benefits on the ground that accumulated on-the-job stress caused her present disabilities, this Court has ruled that injury which occurs in the absence of an unexpected event and is the result of activity undertaken in the performance of ordinary employment, as here, does not constitute accidental injury within the meaning of section 13-551 of the Administrative Code of the City of New York *(Matter of Hipple v Ward,* 146 AD2d 201, *lv denied* 74 NY2d 614). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.