■ In the Matter of FRANCIS G. FAGAN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated July 18, 1989, which denied the petitioner a line-of-duty accident disability pension, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Bernstein, J.), dated March 30, 1990, which denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner, Francis Fagan, was appointed a New York City firefighter on January 7, 1961, and continued as a member of the New York Fire Department until his retirement on ordinary disability on July 18, 1989.

Between 1961 and October 1982, the petitioner suffered various injuries at fire scenes. On March 11, 1970, August 14, 1970, April 16, 1972, and October 12, 1982, he suffered injuries involving his back. During the period following the October 1982 incident, the petitioner underwent numerous medical evaluations which included "CAT" scans and lumbar myelograms. Medical reports of the examining orthopedists and neurologists contained varied opinions including suggestions of disc herniation with radiculopathy. In November 1982 the petitioner underwent a "CAT" scan of his lumbar spine. The impression was "calcified focus, level of S1. Calcified herniated disc is a consideration".

A lumbar myelogram performed on March 7, 1983, indicated that "[s]pecific evidence of nerve root impingement was absent", but "possibility of a herniated disc in [the area of L5-S1] cannot be excluded" because of the posterior positioning of the patient while the myelogram was being performed. However, a "CAT" scan performed on December 30, 1986, showed no evidence of disc herniation or significant spinal stenosis.

Electrodiagnostic testing was performed on January 5, 1987, and the findings were interpreted to be consistent with a polyperipheral-polyradicular neuropathy. The ideology of these findings, however, was inconclusive.

On September 28, 1988, the petitioner again suffered a back injury while he was changing a tire on a New York City Fire Department vehicle. An X-ray report dated November 11, 1988, indicated that "X-rays of the lumbosacral spine and four views demonstrate *degenerative* disc disease of L5-S1" (emphasis supplied).

At the request of the New York City Fire Department, the petitioner was examined by Dr. Bing H. Tang on March 14, 1989. His diagnosis was "lumbosacral internal derangement." His opinion was "the patient is still suffering damage to the joints involved and to the mechanical structure of the spine. The patient continues to suffer persistent muscle spasm so that the vertebrae are displaced and no longer competent to fully participate in normal coordinated spinal movements. The injuries have resulted in irritation to the spinal nerves and

nerve transmission which has reduced function of the areas they serve".

On April 26, 1989, the Medical Board of the Article I-B Pension Fund (hereinafter the Medical Board) considered the petitioner's case, and, after evaluating all of the petitioner's prior medical history, the Board deferred its official recommendation until the petitioner had been evaluated by their impartial neurosurgical consultant, Dr. Richard B. Raynor. Dr. Raynor's opinion was that the "past history is non contributory". He pointed out that the report of the "CAT" scan of December 1986 showed no evidence of disc herniation or significant spinal stenosis, that a November 1988 "MRI scan" showed mild degenerative changes in the facet joints of L5-S1 and L4-5, that mild degenerative changes were seen in the disc at L5-S1, that no herniation of disc material was seen and that there was a small osteophyte on the superior posterior body of S1. His opinion was that no objective neurological findings could be made and that the diagnostic tests showed some degenerative changes of the lower spine consistent with the petitioner's age.

On June 21, 1989, the Medical Board again considered the petitioner's case and after reviewing Dr. Raynor's report rendered a "unanimous opinion * * * that the [petitioner] be granted an ordinary medical disability retirement for degenerative arthritis of the spine on the Fire Commissioner's application. He can engage in a suitable occupation".

Thereafter, the Board of Trustees considered the petitioner's case. A vote resulted in a tie, and the petitioner was retired on ordinary medical disability pursuant to the principles enunciated in *Matter of City of New York v Schoeck* (294 NY 559).

Where, as here, the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund denies an application for an accident disability pension by a tie vote, based on a procedural practice set forth in *Matter of City of New York v Schoeck (supra),* this court may set aside that determination only if it can conclude as a matter of law that the disability was a natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Shedd v Board of Trustees,* 177 AD2d 632).

In view of the equivocal medical documentation, with respect to both the nature of the injuries and the issue of causation, the petitioner has failed to sustain his burden of proving, as a matter of law, the causal relationship between

his line-of-duty accidents and his disabling condition. He has also failed to sustain his burden of proving that his disability stemmed from a latent or preexisting condition, which was precipitated or aggravated by the line-of-duty accidents *(see, Matter of Tobin v Steisel,* 64 NY2d 254, *Matter of Causarano v Board of Trustees,* 178 AD2d 474). In view of the medical documentation in this case, we cannot conclude as a matter of law that the petitioner's disability was a natural and proximate cause of a service-related accident. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.