■ In the Matter of JOHN W. DALY, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE

I-B PENSION FUND, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated August 30, 1989, which denied the petitioner accidental disability retirement benefits and awarded him ordinary disability benefits, the appeal is from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated September 20, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The physician who appeared before the Board of Trustees stated that he did not know whether an incident on July 10, 1987, aggravated a pre-existing degenerative lower back condition of the petitioner and that he could only offer a "surmise" on the question of causation. He acknowledged that the arthritic condition suffered by the petitioner was one that "gets worse over time" and one that could exist, even in an advanced state, without presenting any symptoms. He testified that any response to the question of whether the petitioner's chronic lower back disability was in fact necessarily related to the incident of July 10, 1987, would involve making a "judgment call".

Considering this testimony, along with all the other evidence in the record, we cannot conclude that the respondent Board of Trustees acted arbitrarily and capriciously or illegally in deciding that the petitioner had failed to meet his burden of showing that his current disability was either caused or precipitated by the incident of July 10, 1987. The evidence in the present record does not establish, as a matter of law, that such a causal relationship existed (see generally, Matter of Canfora v Board of Trustees, 60 NY2d 347; Matter of Fagan v Board of Trustees, 185 AD2d 341; Matter of Causarano v Board of Trustees, 178 AD2d 474; Matter of Shedd v Board of Trustees, 177 AD2d 632; Matter of Gehm v Board of Trustees, 158 AD2d 687; Matter of Russo v Board of Trustees, 143 AD2d 674). Bracken, J. P., Balletta, Ritter and Copertino, JJ., concur.