■ In the Matter of RICHARD SICHLER, Respondent, v NEW YORK CITY FIRE DEPARTMENT et al., Appellants. [623 NYS2d 925] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated June 29, 1992, denying the petitioner's application for a service-connected disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated June 23, 1993, which annulled the Board's determination and granted the petitioner's application for a service-connected disability pension.

Ordered that the judgment is reversed, on the law, with costs, the determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, is confirmed, and the proceeding is dismissed on the merits.

Without opinion, the Supreme Court annulled the Board of Trustees' determination denying the petitioner's application for a service-related disability pension and granted the petitioner's application. We reverse.

"Judicial review of the determination of the Board of Trustees is limited. The decision of the Board of Trustees as to the cause of a firefighter's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination * * * is arbitrary and capricious" *(Matter of Russo v Board of Trustees,* 143 AD2d 674, 676; *see also, Matter of Canfora v Board of Trustees,* 60 NY2d 347, 351; *Matter of Boye v Board of Trustees,* 181 AD2d 886).

Although the medical opinions before the New York City Fire Department offered varying analyses concerning the nature of the petitioner's condition, the Board's reliance upon, *inter alia,* its neurological consultants was reasonable, and thus neither arbitrary nor capricious under the circumstances presented *(cf., Matter of Tobin v Steisel,* 64 NY2d 254, 258-259). Moreover, we agree with the appellants that the petitioner failed to sustain his burden of proving a causal relation between his line-of-duty accidents and his disabling condition

*(see, Matter of Shedd v Board of Trustees,* 177 AD2d 632; *cf., Matter of Bridgwood v Board of Trustees,* 204 AD2d 629; *Matter of Nicolosi v Board of Trustees,* 198 AD2d 282; *Matter of Daly v Board of Trustees,* 190 AD2d 848).

Further, the record fails to support the petitioner's assertion that the medical board disregarded the proper rule of causation *(Matter of Tobin v Steisel, supra),* and there was no medical evidence in the record establishing that the petitioner's disability stemmed from a latent or pre-existing injury which was aggravated by his line-of-duty accidents *(see, Matter of Shedd v Board of Trustees, supra).* Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.