■ In the Matter of MICHAEL TARRANT, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Respondents. [637 NYS2d 19] —In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund dated November 19, 1993, which denied the petitioner accident disability retirement benefits and awarded him ordinary disability benefits, the appeal is from a judgment of the Supreme Court, Kings County (Kramer, J.), entered October 14, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner contends that he is entitled to an accident disability pension because his hearing loss was caused by a service-related accident on November 5, 1973. However, the petitioner's own physician, Michael Katz, M.D., in a report dated May 14, 1993, indicated only that the tinnitus and hearing loss suffered by the petitioner "could have resulted from the injury that the patient reported". Considering the report, along with all the other evidence in the record, we cannot conclude that the respondent Board of Trustees of the New York City Fire Department Article 1-B Pension Fund acted arbitrarily and capriciously or illegally in deciding that the petitioner had failed to meet his burden of showing that his current disability was either caused or precipitated by the November 5, 1973, accident. The evidence in the record does not establish, as a matter of law, that such a causal relationship existed *(see generally, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Daly v Board of Trustees,* 190 AD2d 848, 849). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.