■ In the Matter of ROBERT KMIOTEK, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, Respondents. [648 NYS2d 694] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated March 27, 1992, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered July 14, 1995, which denied the application and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

It is well settled that a decision of the Board of Trustees denying accident disability retirement benefits can be set aside upon judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Flynn v Board of Trustees,* 201 AD2d 730; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). A service-related accident is considered the natural and proximate cause of a petitioner's disability if the accident either precipitated the development of a latent condition or aggravated a preexisting condition *(see, Matter of Tobin v Steisel,* 64 NY2d 254). The petitioner has the burden of establishing that a causal relationship exists between the service-related accident and the claimed disability *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282; *Matter of Draves v Board of Trustees,* 203 AD2d 568, 569), and there is no presumption in his or her favor which the board

must overcome *(see, Matter of Archul v Board of Trustees,* 93 AD2d 716, 717, *affd* 60 NY2d 567). Where the medical evidence with respect to causation is equivocal, the burden has not been sustained *(see, Matter of Fagan v Board of Trustees,* 185 AD2d 341; *Matter of Shedd v Board of Trustees,* 177 AD2d 632; *Matter of Gehm v Board of Trustees,* 158 AD2d 687).

Contrary to the petitioner's contention, there is abundant evidence in the record that his disability was of nontraumatic origin in that it was caused by a degenerative condition *(see, Matter of Hine v Rivera,* 226 AD2d 534; *Matter of Russo v Board of Trustees,* 143 AD2d 674, 676), and there is no medical evidence that the line-of-duty accident precipitated or aggravated that condition *(see, Matter of Tobin v Steisel,* 64 NY2d 254, *supra; Matter of Shedd v Board of Trustees,* 177 AD2d 632, 633, *supra).* As the petitioner did not meet his burden of proving a causal connection between his service-related accident and his disabling condition, the petition was properly dismissed *(see, Matter of Draves v Board of Trustees,* 203 AD2d 568, 569, *supra).* Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.