■ In the Matter of JEFFREY W. BAIRD, Respondent, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Appellants. [806 NYS2d 578]—

Judgment, Supreme Court, New York County (Louis York, J.), entered April 14, 2004, which granted the petition and vacated appellants' determination denying petitioner's application for accidental disability retirement (ADR) benefits, unanimously reversed, on the law, without costs, the petition denied, the proceeding dismissed and appellants' determination reinstated and confirmed.

To the extent this appeal is from a nonfinal paper in a CPLR article 78 proceeding, we nostra sponte grant appellants leave to appeal therefrom.

Petitioner became a uniformed police officer of the New York City Police Department in 1986 and thereafter was assigned to Internal Affairs. In the early 1990s, petitioner worked as an undercover investigator for the Commission to Investigate Allegations of Police Corruption and Anti-Corruption Procedures of the Police Department, popularly known as the Mollen Commission. Petitioner alleges that as a result of his investigation for the Mollen Commission, he was harassed and ostracized, and discriminated and retaliated against within the Police Department by fellow police officers as well as supervisors. Specifically, petitioner claims that he was forced to work in a hostile environment; was given less than desirable work assignments; received threats; and was sent obscene and defamatory materials at home and at work. As a result, petitioner sought professional help and was diagnosed with post-traumatic stress disorder. In July 1998, petitioner applied for ADR benefits.

Between 1998 and 2002, the Medical Board considered

petitioner's application on no fewer than six separate occasions, pursuant to petitioner's repeated requests for reconsideration. Each time the Medical Board found that petitioner suffered from "Depressive Disorder" and recommended ordinary disability retirement (ODR) instead of ADR benefits. In October 2002, after the Medical Board rendered its sixth and final diagnosis of "Depressive Disorder," the Board of Trustees voted to approve the Police Commissioner's application for ODR benefits. Consequently, petitioner commenced the instant proceeding seeking an annulment of the Board of Trustees' determination and a direction of entitlement to ADR benefits. In the alternative, petitioner requested a trial on the merits.

The Supreme Court granted the petition on the ground that the Board of Trustees' determination denying petitioner ADR benefits was arbitrary and capricious. In so ruling, the Supreme Court found that petitioner had been discriminated and retaliated against as a result of his participation in the Mollen Commission Investigation and that this conduct was causally related to his injuries. Although the court acknowledged that disabling stress cumulatively caused by the nature of petitioner's undercover assignment would qualify him only for ODR benefits, it nevertheless found that petitioner's condition qualified him for ADR benefits. Specifically, the court found that the conduct at issue fell within the definition of accidental injury. Moreover, the court found that the Medical Board's failure to address the issue of causality was "per se arbitrary and capricious" and the Board of Trustee's failure to make its own independent determination as to causality was improper.

We reverse.

The relevant inquiry is not whether there is a causal connection between the conduct of which petitioner complains and his medical condition, but whether, as a threshold matter, the conduct constitutes a line-of-duty accident with a resulting injury.

In order to obtain ADR benefits, a petitioner must establish that he suffered physical or mental incapacitation "as a natural and proximate result of . . . an accidental injury received in . . . city-service" (Administrative Code of City of NY § 13-252). Although the term "accident" is not specifically defined by statute, the courts have adopted "the commonsense definition of a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958],

*affd* 7 NY2d 222 [1959]; *see also Matter of Starnella v Bratton*, 92 NY2d 836 [1998]).

For purposes of this appeal, it is immaterial whether petitioner suffered from depressive disorder, as the Board found, or post-traumatic stress disorder, as petitioner claims. Even if petitioner suffered from post-traumatic stress disorder, he still had to establish first that his disability was caused by a line-of-duty accident. Contrary to Supreme Court's determination, the campaign of harassment suffered by petitioner does not constitute an accident as defined by the Court of Appeals, as it was not a "sudden, fortuitous mischance" (*see Matter of Lichtenstein*, 57 NY2d at 1012). While the behavior at issue was, as the Supreme Court pointed out, neither expected nor ordinary, it arose out of purposeful conduct and not accidental happenstance. It is exactly the purposeful nature of the conduct which removes it from the realm of the accidental. Indeed, wholly lacking is a "precipitating accidental event . . . which was not a risk of the work performed" (*Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]).* While petitioner may well have a valid claim for violation of his civil rights, the remedy for such a claim is not properly awarded in the context of an application for ADR benefits, no matter how sympathetic the claim may be.

The courts have consistently held that an injury which occurs in the absence of an unexpected or sudden event and is the result of activity taken in the ordinary course of employment does not constitute accidental injury within the meaning of the Administrative Code. Thus, an injury that is the result of accumulated stress on the job does not qualify as an accident (*see Matter of Hipple v Ward*, 146 AD2d 201 [1989], *lv denied* 74 NY2d 614 [1989] [officer who suffered accumulated stress from many years in undercover work resulting in major depressive disorder not entitled to ADR benefits]; *Matter of Impellizeri v Teachers' Retirement Sys. of City of N.Y.*, 173 AD2d 389 [1991], *lv denied* 78 NY2d 859 [1991] [on-the-job stress not service-related "accident"]; *Matter of Evans v City of New York*, 145 AD2d 361 [1988] [onset of ulcerative colitis, a stress-related disease, did not constitute "accident"]).

Here, petitioner's treating doctors attributed his stress disorder to his work environment, which does not constitute a line-of-duty accident (*see Matter of Hipple v Ward, supra*). Accordingly, the Medical Board was under no obligation to determine

---

* *Matter of Petrella v Board of Trustees of Police Pension Fund* (141 AD2d 361 [1988]), on which petitioner relies, is inapplicable as the relevant issue here is not causation, as in *Petrella*, but rather whether the acts of which petitioner complains constitute an accidental injury.

causation (*see Matter of Bombacie v Board of Trustees of Police Pension Fund, Art. II, N.Y. City Police Dept.*, 74 AD2d 530 [1980]; *Matter of Walsh v Codd,* 68 AD2d 805 [1979]). Concur— Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ. [*See* 3 Misc 3d 1104(A), 2004 NY Slip Op 50394(U) (2004).]