◼ In the Matter of DIANA AITOLA, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [808 NYS2d 727]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated September 19, 2003, which denied the petitioner's application for performance-of-duty disability retirement pursuant to Retirement and Social Security Law § 607-b, and instead, approved her application for ordinary disability retirement pursuant to Retirement and Social Security Law § 605, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated September 7, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The New York City Employees' Retirement System (hereinafter NYCERS) denied the petitioner's application for performance-of-duty disability retirement pursuant to Retirement and Social Security Law § 607-b, which governs emergency medical technicians' retirement under a disability received in the line of duty. Instead, NYCERS awarded her benefits under Retirement and Social Security Law § 605, which governs emergency medical technicians' retirement for ordinary disabilities.

Credible evidence established that the petitioner's psychiatric injuries were not job related, let alone caused by a discrete on-the-job incident. Thus, NYCERS's determination, made in reliance upon the recommendation of the NYCERS Medical Board, was not arbitrary or capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of Nicolosi v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 198 AD2d 282, 283 [1993]; *Matter of Impellizeri v Teachers' Retirement Sys. of City of N.Y.*, 173 AD2d 389 [1991]; *Matter of Hipple v Ward*, 146 AD2d 201 [1989]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.