■ ■ In the Matter of PIETRO A. FRAGALE, Appellant, v DIANE D'ALESSANDRO et al., Respondents. [865 NYS2d 304]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated September 15, 2006, denying the petitioner's application for an accidental disability retirement pension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), dated October 2, 2007, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a Sanitation Supervisor with the New York City Department of Sanitation (hereinafter the Sanitation Department), injured his ankle when he slipped and fell at a Sanitation Department depot. He applied for an accidental disability retirement pension, but the New York City Employees' Retirement System (hereinafter NYCERS) denied his application on the ground that his injury was not the result of an "accident." He commenced this proceeding to review the determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We affirm.

Our review is limited to the question of whether NYCERS' determination was arbitrary and capricious. Inasmuch as it was supported by some credible evidence that the petitioner's fall was "a result of [his] own misstep [and was hence] not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law" (*Matter of Starnella v Bratton,* 92 NY2d 836, 839 [1998]; *see Matter of Bisiani v Kelly,* 39 AD3d

261 [2007]; *Matter of Dalton v Kelly,* 16 AD3d 200, 201 [2005]), we conclude that the determination was not arbitrary and capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 760-761 [1996]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 60 NY2d 347, 351 [1983]; *Matter of Ambery v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund,* 298 AD2d 582 [2002]; *Matter of Savidis v Board of Educ. Retirement Sys. for City of N.Y.,* 295 AD2d 437 [2002]; *cf.* Administrative Code of City of NY § 13-168 [a]).

The petitioner's remaining contentions are without merit. Fisher, J.P., Dillon, McCarthy and Chambers, JJ., concur.