(May 21, 2013)

■ In the Matter of AIDAN DOORLEY, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [966 NYS2d 34]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered June 10, 2011, which denied the CPLR article 78 petition seeking to annul respondent Board of Trustees' July 14, 2010 determination denying petitioner's application for accident disability retirement benefits (ADR) based on his psychological condition and dismissed the proceeding, unanimously affirmed, without costs.

An applicant for ADR benefits "has the burden of establishing that the disability is causally connected to a line-of-duty accident" (*Matter of Evans v City of New York*, 145 AD2d 361, 361 [1st Dept 1988]). The Board of Trustees' determination of whether petitioner met this burden and established causation only need be based on credible evidence in the record (*see Matter of Wahl v Board of Trustees of N.Y. City Fire Dept.*, 89 NY2d 1065, 1067 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]). The denial of ADR by the Board of Trustees based on a tie vote, as occurred here, can only be set aside on judicial review if the court concludes that the applicant is entitled to the increased benefits as a matter of law based on the record because "the disability was the natural and proximate result of a service-related accident" (*Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]; *see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]).

Here, the Board of Trustees' denial of petitioner's ADR application was made on a rational basis supported by the record,

and therefore was not arbitrary and capricious (*see Borenstein*, 88 NY2d at 760). The evidence submitted by petitioner in support of his application failed to establish that his psychological disability was caused by the 2004 accident. The hospital report made in the emergency room on the day of the accident does not indicate that petitioner needed medical treatment for a head injury, but rather it states that petitioner had an abrasion under his eye and blurred vision. In petitioner's first application for ADR, made in 2005, he makes no claim of psychological disabilities as the application refers only to physical pain and dizziness.

In an evaluation of petitioner, psychologist Dr. Bochicchio noted that in 2006 the NYPD staff surgeon "found the officer to have no objective medical findings to explain his symptoms." Dr. Bochicchio does not conclude that petitioner's psychological condition was caused by the accident. Although another psychologist, Dr. Robins, finds that petitioner's psychological condition was caused by the accident, his conclusion is unsupported by any medical evidence. When there are differing medical opinions concerning the cause of an applicant's disability, the Board of Trustees has the authority to reach its own decision as long as it is based on credible evidence (*see Matter of D'Angelo v Ward*, 159 AD2d 425, 426 [1st Dept 1990]). Therefore, as petitioner did not meet his burden, denial of the petition was proper (*see Evans*, 145 AD2d at 361). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ. **[Prior Case History: 2011 NY Slip Op 31476(U).]**