■ In the Matter of SHEILA JONES, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [29 NYS3d 527]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated April 12, 2013, which denied the petitioner's application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ash, J.), dated March 20, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a correction officer, applied to the New York City Employees' Retirement System (hereinafter NYCERS) for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c based, inter alia, on injuries she allegedly sustained to her left knee during an inmate-related incident on March 10, 2007, and to her left shoulder during an inmate-related incident on April 1, 2009. The respondent Medical Board of NYCERS recommended that the application be denied. The Medical Board found that, although the petitioner's left knee and left shoulder conditions were disabling, the left knee condition was not caused by the March 10, 2007, incident as the petitioner claimed, and the inmate's act which allegedly caused her left shoulder injuries on April 1, 2009, was outside the ambit of section 507-c. The petitioner appealed the recommendation, and the respondent Board of Trustees of NYCERS adopted a resolution denying her application for performance of duty disability retirement benefits. The petitioner then commenced this CPLR article 78 proceeding seeking review of the Board of Trustees' determination. By judgment dated March 20, 2014, the Supreme Court denied the petition and dismissed the proceeding.

The Board of Trustees' determination that the petitioner's left shoulder disability was not "sustained . . . by, or as a natural and proximate result of, an act of any inmate" within the meaning of Retirement and Social Security Law § 507-c was supported by some credible evidence in the record and was not arbitrary and capricious. Accordingly, we do not disturb it

(*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 351 [1983]; *Matter of Fragale v D'Alessandro*, 55 AD3d 607, 607-608 [2008]; *Matter of Aitola v New York City Employees' Retirement Sys.*, 25 AD3d 604, 605 [2006]; *Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 143 AD2d 674, 676 [1988]). Furthermore, contrary to the petitioner's contention, the record establishes that the Board of Trustees did not abrogate its duty to independently review the Medical Board's recommendation that her left knee disability was not caused by the March 10, 2007, inmate-related incident as she claimed (*see Matter of Santangelo v Kelly*, 81 AD3d 439, 440 [2011]; *cf. Pamlanye v McGuire*, 111 AD2d 721, 723 [1985]; *Schlesinger v New York City Employees' Retirement Sys.*, 27 Misc 3d 1040, 1047-1048 [Sup Ct, Kings County 2010]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.