■ In the Matter of MINERVA HERNANDEZ, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. [49 NYS3d 463]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated July 10, 2014, which denied the petitioner's application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the New York City Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated June 30, 2015, which granted the petition, annulled the determination, and directed the Board of Trustees of the New York City Employees' Retirement System to award the petitioner performance of duty disability retirement benefits retroactive to the date of her retirement.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner was injured while working as a correction officer in New York City. Thereafter, she applied for performance of duty disability benefits under Retirement and Social Security Law § 507-c, and the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) denied her application. The petitioner then commenced this CPLR article 78 proceeding to review the determi-

nation of the Board of Trustees. In the judgment appealed from, the Supreme Court, inter alia, granted the petition and annulled the Board of Trustees' determination. We reverse.

Retirement and Social Security Law § 507-c allows for enhanced disability retirement benefits for members of the New York City Employees' Retirement System who are employed as correction officers (*see* Retirement and Social Security Law § 507-c [a]). As relevant here, the statute provides that a correction officer is entitled to "a performance of duty disability retirement allowance equal to three-quarters of [his or her] final average salary" if the officer becomes physically incapacitated as a result of an injury that was "sustained in the performance or discharge of his or her duties by, or as a natural and proximate result of, an act of any inmate" (Retirement and Social Security Law § 507-c [a]).

"[T]he decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (*Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 351 [1983]). "Substantial evidence" in this context means "some credible evidence" (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]; *see Matter of Jones v New York City Employees' Retirement Sys.*, 138 AD3d 852, 852 [2016]; *see also Matter of Fragale v D'Alessandro*, 55 AD3d 607, 607-608 [2008]; *Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 46 AD3d 346, 348 [2007]).

Here, the Board of Trustees' determination that the petitioner's injury was not "sustained . . . by, or as a natural and proximate result of, an act of any inmate" within the meaning of Retirement and Social Security Law § 507-c was supported by some credible evidence in the record and was not arbitrary and capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 761; *Matter of Jones v New York City Employees' Retirement Sys.*, 138 AD3d at 852). Contrary to the petitioner's contention, the Board of Trustees was not required, as a matter of law, to credit her testimony that her injury occurred when she was pushed by an inmate. Indeed, her testimony conflicted with the account of the accident that was given in written reports that were prepared in connection with the incident. "[I]nconsistencies between a petitioner's sworn testimony and written documents present a credibility issue for the factfinder to resolve" (*Matter of Stim-*

*mer v DiNapoli*, 98 AD3d 1216, 1217 [2012]; *see Matter of Naughton v DiNapoli*, 127 AD3d 137, 139 [2015]). "As with any administrative determination of fact, [the Board of Trustees'] assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence" (*Matter of Di Maria v Ross*, 52 NY2d 771, 772 [1980]). The Board of Trustees' credibility determinations were supported by substantial evidence. Deferring to the credibility determinations of the Board of Trustees, as we must when those determinations are supported by substantial evidence, there was no "affirmative act" attributable to an inmate (*Matter of Laurino v DiNapoli*, 132 AD3d 1057, 1059 [2015]; *see Matter of DeMaio v DiNapoli*, 137 AD3d 1545, 1546 [2016]). The mere fact that the petitioner was injured while she was in the presence of an inmate, or while she was engaged in providing a service for the benefit of an inmate, is insufficient, without more, to satisfy the statutory standard which requires that the injury be sustained "by, or as a natural and proximate result of, *an act of any inmate*" (Retirement and Social Security Law § 507-c [a] [emphasis added]; *cf. Matter of Palmateer v DiNapoli*, 117 AD3d 1228, 1230 [2014]; *Matter of Davis v DiNapoli*, 56 AD3d 933, 934 [2008]; *Matter of Egiziaco v Office of Comptroller of State of N.Y.*, 15 AD3d 747, 748 [2005]). Accordingly, under the circumstances of this case, the Supreme Court should have denied the petition and dismissed the proceeding. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.