Matter of Gibbs v New York City Employees' Retirement Sys. (2018 NY Slip Op 03525)





Matter of Gibbs v New York City Employees' Retirement Sys.


2018 NY Slip Op 03525


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-10132
 (Index No. 12397/14)

[*1]In the Matter of Gregory Gibbs, appellant, 
v
New York City Employees' Retirement System, respondent.


Law Office of Jeffrey L. Goldberg, P.C., Port Washington, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Daniel Matza-Brown of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated May 8, 2014, which adopted the recommendation of the Medical Board of the New York City Employees' Retirement System and denied the petitioner's application for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kathy J. King, J.), dated May 22, 2015. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On February 7, 2011, the petitioner was injured while working as a correction officer with the New York City Department of Correction. On April 29, 2011, he applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c. On May 8, 2014, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) denied the petitioner's application. In doing so, the Board of Trustees adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), which had determined that, although the petitioner was disabled due to severe degenerative osteoarthritis of the right and left hip joints, this disabling condition was the result of the natural progression of a preexisting degenerative condition, and was not caused or aggravated by his work-related injuries.
The petitioner commenced this CPLR article 78 proceeding to review the determination of the Board of Trustees. In the judgment appealed from, the Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the determination was supported by credible medical evidence and thus was not arbitrary and capricious. The petitioner appeals.
"[T]he decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (Matter of Canfora v Board of Trustees of [*2]Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351). "Substantial evidence" in this context means "some credible evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [internal quotation marks omitted]; see Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707; Matter of Jones v New York City Employees' Retirement Sys., 138 AD3d 852, 852).
Here, the conclusions of the Medical Board, which were adopted by the Board of Trustees, were supported by credible evidence consisting of the Medical Board's independent interview and examination of the petitioner, as well as its review of the medical records and reports from the petitioner's treating physicians (see Matter of Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139; Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 761; Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706; Matter of Jones v New York City Employees' Retirement Sys., 138 AD3d at 852; Matter of Schlesginger v New York City Employees' Retirement Sys., 101 AD3d 736, 737). The petitioner's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court