Matter of Halloran v NYC Employees' Retirement Sys. (2019 NY Slip Op 03336)





Matter of Halloran v NYC Employees' Retirement Sys.


2019 NY Slip Op 03336


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-06271
 (Index No. 12650/14)

[*1]In the Matter of Shawn E. Halloran, respondent,
v
NYC Employees' Retirement System, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Susan Paulson of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the NYC Employees' Retirement System dated May 8, 2014, denying the petitioner's application for accident disability retirement, the NYC Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 8, 2016. The judgment, insofar as appealed from, granted the petition to the extent that the determination was annulled, and the matter was remitted to the NYC Employees' Retirement System for further proceedings.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied in its entirety, and the proceeding is dismissed.
In July 2011, the petitioner, an employee of the New York City Department of Sanitation (hereinafter DOS), allegedly sustained injuries, including an injury to his left shoulder, in a line-of-duty incident. Examinations of his left shoulder shortly after the incident showed a normal range of motion. Approximately 17 months after the incident, the petitioner underwent an MRI of the left shoulder, which revealed a rotator cuff tear.
The petitioner applied to the NYC Employees' Retirement System (hereinafter NYCERS) for accident disability retirement. The Medical Board of NYCERS (hereinafter the Medical Board) determined that the petitioner was disabled and that the July 2011, incident constituted an accident. However, the Medical Board also determined that there was no causal relationship between the accident and the petitioner's disability. NYCERS adopted the recommendations of the Medical Board and denied the petitioner's application. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of NYCERS. In a judgment dated April 8, 2016, the Supreme Court, inter alia, found that the determination of NYCERS was arbitrary and capricious, annulled the determination, and remitted the matter to NYCERS for further proceedings. NYCERS appeals, and we reverse the judgment insofar as appealed from.
An applicant for accident disability retirement has the burden of establishing that the disability is causally connected to a line-of-duty accident (see Matter of Doorley v Kelly, 106 AD3d 554, 554; Matter of Evans v City of New York, 145 AD2d 361, 361). In determining the question of causal connection, the test is the existence of some credible evidence to support the findings of the agency denying the application (see Matter of Drayson v Board of Trustees of Police Pension [*2]Fund of City of N.Y., 37 AD2d 378, 380, affd 32 NY2d 852). The agency's determination can be set aside upon judicial review only if it can be determined on the record as a matter of law that the disability was the natural and proximate result of a service-related accident (see Retirement and Social Security Law § 605-b[b][1]; Matter of Kmiotek v Board of Trustees of N.Y. City Dept., Art. 1-B Pension Fund, 232 AD2d 640, 640; Matter of Nicolosi v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 198 AD2d 282, 283). A line-of-duty accident is considered the natural and proximate cause of a petitioner's disability if the accident "either precipitated the development of a latent condition or aggravated a preexisting condition. . . . Where the medical evidence with respect to causation is equivocal, the burden has not been sustained" (Matter of Kmiotek v Board of Trustees of N.Y. City Fire Dep., Art. 1-B Pension Fund, 232 AD2d at 640-641 [citations omitted]).
Here, the petitioner did not establish that his disability was the natural and proximate result of his line-of-duty accident (see Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706; Matter of Kmiotek v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 232 AD2d at 641). The accident occurred on July 25, 2011, and the petitioner's physician examined the petitioner on August 1, 2011, and August 22, 2011. Although the petitioner reported pain in the left shoulder on both dates, there was no erythema, ecchymosis, swelling, tenderness, or shoulder girdle muscle atrophy on either of those dates. On both dates, there was no evidence of instability, impingement sign was negative, and a cross arm test was negative. Abduction and flexion, internal and external rotation, and adduction of the left shoulder were all normal on both dates. Despite the petitioner's complaints of pain in the left shoulder, there was no evidence of a rotator cuff tear until the MRI was performed in December 2012. Contrary to the Supreme Court's statement in the judgment appealed from, there also is no evidence in the record that the petitioner requested an MRI of the left shoulder as early as August 17, 2011.
The Supreme Court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the determination or whether it is arbitrary and capricious (see Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363; Matter of Warder v Board of Regents of the Univ. of the State of N.Y., 53 NY2d 186, 194; Matter of Shapiro v Planning Bd. of the Town of Ramapo, 155 AD3d 741, 742). This is true even where the court would have reached a different result (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 454; Matter of Shapiro v Planning Bd. of the Town of Ramapo, 155 AD3d at 742). "[W]here, as here, the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (Flacke v Onondaga Landfill Sys., 69 NY2d at 363; see Matter of Rodriguez v County of Nassau, 80 AD3d 702).
Here, there was evidence of normal left shoulder examinations in the weeks following the accident, and a lack of evidence of a rotator cuff tear until the MRI was taken 17 months after the accident. Furthermore, the DOS Medical Director averred that the rotator cuff tear could not have been the result of the accident because the shoulder must be in a throwing-type motion for the rotator cuff to tear, and, when the accident occurred, the petitioner was not making such a motion but instead was wearing a seat belt while seated in a vehicle which was stopped at a red light. Therefore, it was not arbitrary or capricious for NYCERS to find that the petitioner had not established that his disability was the natural and proximate result of his line-of-duty accident. There was no basis here to disturb the determination of NYCERS, based on the recommendation of its Medical Board, that there was no causal relationship between the petitioner's accident and his disability. Accordingly, the Supreme Court should have denied the petition in its entirety and dismissed the proceeding.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court