Matter of Shank v Shea (2023 NY Slip Op 01598)

Matter of Shank v Shea

2023 NY Slip Op 01598

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, A.P.J., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 154072/20 Appeal No. 17566 Case No. 2022-00751 

[*1]In the Matter of Janine Shank, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about June 30, 2021, denying the petition to annul a determination of respondent Board of Trustees of the New York City Police Pension Fund, Article II, dated December 11, 2019, to the extent it denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Board of Trustees' determination that there was no causal connection between petitioner's March 2012 line of duty injury and her disability was supported by credible evidence, as was the Pension Fund Medical Board's recommendation that petitioner receive ordinary disability retirement benefits rather than accidental disability retirement benefits (see Matter of Ramos v O'Neill, 210 AD3d 511, 511 [1st Dept 2022]; Matter of Chacon v O'Neill, 175 AD3d 426, 427 [1st Dept 2019]). The Medical Board noted that petitioner was on full duty for most of the period after the line of duty injury and qualified with a firearm until her service retirement. In addition, the Medical Board expressly stated that it had reviewed petitioner's medical records and concluded, based on the records and on its examination of petitioner, that her subjective complaints did not match the objective medical findings.
Although petitioner's surgeon stated that her herniated discs, which were corrected by surgery, resulted from a work-related accident, the Medical Board disagreed, and conflicts in the evidence are to be resolved solely by the Medical Board and the Board of Trustees (see Matter of Higgins v Kelly, 84 AD3d 520, 520-521 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Both of those bodies provided petitioner with numerous opportunities to present evidence supporting her contention that her disability was causally connected to the line of duty injury, yet she failed to sustain her burden of doing so (see Matter of Evans v New York, 145 AD2d 361, 362 [1st Dept 1988]). Furthermore, despite petitioner's argument to the contrary, the Medical Board's explanation was spelled out clearly when its statements in all six of its reviews are taken together.
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023