◼ In the Matter of ANTHONY S. RUSSO, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees) and the City of New York, dated November 3, 1986, which denied the petitioner accident disability retirement benefits and awarded him ordinary disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Spodek, J.), dated June 30, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff was a lieutenant in the New York City Fire Department who worked for nearly 20 years without any absence from work due. to back complaints. He then sustained three separate injuries to his back in 1982, 1983 and 1986, in line-of-duty accidents. Following the first two injuries, the plaintiff was granted a medical leave to recuperate, and then returned to full duty. However, he experienced intermittent recurring back pain which necessitated four additional medical leaves. Following the third incident in 1986, the plaintiff returned to light duty, complaining of persistent pain radiating down his left leg.

The petitioner's physicians Dr. Blackwell and Dr. Matles determined that the plaintiff was suffering from low back derangement with radiculopathy. In two reports dated December 9, 1983 and May 20, 1986, Dr. Blackwell stated that the accident dated August 9, 1982, was a competent producing cause of the disability, while Dr. Matles, in a report dated June 16, 1986, stated that both the 1982 and 1983 accidents combined to cause his disability. Neither physician referred to an aggravation of a preexisting condition. Dr. Soren, a physician employed by the Fire Department of the City of New York, examined the plaintiff on May 27, 1986, diagnosed his

condition as lumbar-sacral sprain with a possible herniated disc, and recommended "the possibility of a CT [CAT] scan". At that time, Dr. Soren gave no opinion with regard to causation.

On July 7, 1986, the plaintiff underwent a CAT scan which revealed severe multilevel spinal stenosis (narrowing of the spinal canal) due to a developmentally small spinal canal together with degenerative disc disease and facet arthritis. The scan also showed degeneration of the intervertebral discs involving all the vertebral bodies between L2 and the sacrum with circumferential bulging of all the discs and a ventral midline L5/S1 disc bulge.

On July 22, 1986, following another examination of the petitioner and review of the CAT scan report, Dr. Soren issued a second report in which he made a diagnosis of "[s]pinal stenosis with degenerative disc disease and fact arthritis with a disc bulge".

Based on the CAT scan report and the other medical evidence, on October 9, 1986, the three-person Medical Board of the Article 1-B Pension Fund unanimously determined that the petitioner suffered from "degenerative disease of his spinal column at multiple levels", indicating that the petitioner's low back condition is not traumatic in origin but is of a degenerative nature. Thereafter, the Board of Trustees denied the application for the petitioner's accidental disability retirement and instead granted ordinary disability retirement benefits.

The petitioner commenced the instant proceeding for a judgment, *inter alia*, vacating the determination of the Board of Trustees and directing the respondents to award him accidental disability benefits. The Supreme Court found that the decision of the Board of Trustees was supported by medical opinion and should not be disturbed.

On appeal, the petitioner contends that the respondents' denial of his application for accidental disability benefits was arbitrary and capricious and not supported by substantial evidence, and that the evidence of a bulging disc was disregarded by the Board of Trustees. We disagree.

In this case, the medical evidence reveals that the petitioner did suffer from a low back condition which was disabling to a varying degree. The real issue in this case is causation, to wit, whether the line-of-duty accidents were a competent producing cause of the petitioner's low back condition.

The Board of Trustees is charged with the responsibility of determining causation, namely, whether the petitioner's dis-

ability was the natural and proximate result of an accidental injury received in city service (Administrative Code of City of New York former § B19-7.84, now § 13-252; *Matter of City of New York v Schoeck,* 294 NY 559). It is assisted in this responsibility by the Medical Board of the Article 1-B Pension Fund whose conclusion regarding causation is advisory. However, since the question of causation involves the exercise of medical judgment, the Board of Trustees, which is composed of lay members, is entitled to rely on the opinion of the Medical Board of the Article 1-B Pension Fund *(Matter of Christian v New York City Employees' Retirement Sys.,* 56 NY2d 841; *Matter of Scotto v Board of Trustees,* 76 AD2d 774, *affd* 54 NY2d 918).* The Board of Trustees may, in the exercise of sound discretion, accept that opinion or reject it and make a contrary finding *(Matter of City of New York v Schoeck, supra).*

Judicial review of the determination of the Board of Trustees is limited. The decision of the Board of Trustees as to the cause of a firefighter's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347, 351; *Matter of Fiore v Board of Educ.,* 48 AD2d 850, *affd* 39 NY2d 1016; *Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380, *affd* 32 NY2d 852).

Here, there was substantial objective medical evidence that the petitioner's back condition, including the bulging discs, were of arthritic and nontraumatic origin. As stated in *Matter of Scotto v Board of Trustees* (76 AD2d 774, 776, *affd* 54 NY2d 918, *supra):* "Confronted with a conflict of medical opinion, the board of trustees was clearly entitled to rely upon the unanimous opinion of the members of this medical board" *(see also, Matter of Fiore v Board of Educ., supra; Matter of Drayson v Board of Trustees, supra).*

The findings of the Board of Trustees were supported by substantial evidence, and its final determination was not arbitrary and capricious. Accordingly, the judgment dismissing the proceeding is affirmed. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.