■ In the Matter of ARTHUR CONNELLY, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [655 NYS2d 597] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated October 18, 1994, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered January 18, 1996, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

It is well settled that where the Board of Trustees is unable to resolve the issue of causation of a disability, resulting in a tie vote, ordinary disability retirement is mandated *(see, Matter of City of New York v Schoeck*, 294 NY 559). Upon judicial review, the court may set aside a denial of accident disability retirement resulting from a tie vote of the Board of Trustees only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352; *Matter of Flynn v Board of Trustees*, 201 AD2d 730). An accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury *(see, Matter of Tobin v Steisel*, 64 NY2d 254, 259).

The petitioner has the burden of establishing, as a matter of law, that a causal relationship exists between the service-related accident and the disability *(see, Matter of Draves v Board of Trustees*, 203 AD2d 568, 569; *Matter of Nicolosi v Board of Trustees*, 198 AD2d 282, 283), and there is no presumption in his or her favor which the Board of Trustees must overcome *(see, Matter of Archul v Board of Trustees*, 93 AD2d 716, 717, *affd* 60 NY2d 567).

Here, the medical evidence in the record established that the

arthritis in the petitioner's knees was caused by a degenerative condition *(see, Matter of Kmiotek v Board of Trustees,* 232 AD2d 640). Moreover, the petitioner failed to offer any medical evidence to support the conclusion that the line-of-duty accidents over the course of his forty-year career as a firefighter either precipitated the development of the arthritic condition or aggravated it to the point where it became disabling *(see, Matter of Wolyniec v Board of Trustees,* 232 AD2d 495). Accordingly, the petitioner failed to meet his burden and the petition was properly dismissed *(see, Matter of Draves v Board of Trustees, supra,* at 569; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.