■ In the Matter of SALVATORE A. CARBONE, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [661 NYS2d 668] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the

Supreme Court, Kings County (Kramer, J.), dated December 14, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner allegedly sustained injuries to his back as the result of accidents occurring in the line-of-duty on November 2, 1991, and May 29, 1993. While he returned to light duty status after the first injury, he did not return to duty after the second injury. Subsequently, the petitioner applied for service-related accidental disability retirement. The Article 1-B Medical Board of the New York City Fire Department Pension Fund (hereinafter the Medical Board) concluded, upon review of all the medical records, that while the petitioner had a permanent partial disability of both his lumbar and cervical spine, the disability was "degenerative in nature" and the line-of-duty accidents were insufficient to cause the disability. Thus, the Medical Board recommended to the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Trustees) that the petitioner be retired for ordinary rather than accidental disability. This recommendation was upheld by a tie vote when the Trustees could not agree on the issue of causation (*see, Matter of City of New York v Schoeck,* 294 NY 559).

It is well established that where, as here, the Trustees deny an application for accidental disability benefits in consequence of a tie vote, the determination of the Trustee's can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Shedd v Board of Trustees,* 177 AD2d 632). So long as there is any credible evidence that the disability was not caused by the service related injuries, the determination of the Trustees must stand (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139). In this regard, it should be noted that as a general rule, it is neither arbitrary nor capricious for the Trustees to rely upon the Medical Board's conclusion that a disability is not causally connected to an individual's line-of-duty injuries (*see, Matter of Meyer v Board of Trustees, supra*).

Applying these principles to the instant case, we find that the Supreme Court erred in annulling the determination of the Trustees. In reaching its conclusion that the petitioner's disability was not caused by his service related injuries the Medi-

cal Board reviewed the petitioner's entire medical file which included a December 1991 Magnetic Resonance Image (hereinafter MRI) which indicated an "L5-S1 disc degeneration"; December 1991 X-rays which revealed normal cervical and lumbar spines; and January 1992 MRI's which indicated "foraminal narrowing * * * secondary to an impinging osteophyte". A March 1993 electromyography (hereinafter EMG) of the petitioner's lower extremities was normal, and a September 1993 computed tomography (hereinafter CT) scan revealed multi-level discogenic disease.

Clearly, the record indicates that the Medical Board made a thoughtful and comprehensive review of the evidence. After evaluating all available medical evidence, particularly the EMG, MRI, and CT scan studies, as well as the accident reports, the Medical Board concluded that the petitioner's disability was degenerative in nature, and thus unanimously recommended that he be retired with ordinary rather than accidental disability pension benefits. Furthermore, by finding that the petitioner's service-related accidents were insufficient to cause his disability or result in his subsequent surgery, the Medical Board implicitly considered, albeit rejected, the possibility that the petitioner's disability resulted from the aggravation of a preexisting condition. Since the Medical Board's recommendation was based on credible medical evidence, the reliance of the Trustees on the Medical Board's recommendation was proper (see, Matter of Meyer v Board of Trustees, supra; Matter of Petchonka v Board of Trustees, 204 AD2d 646; Matter of Russo v Board of Trustees, 143 AD2d 674), and the Supreme Court erred in annulling the Trustees' determination. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.