■ In the Matter of TIMOTHY F. RYAN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [668 NYS2d 683] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated November 29, 1994, denying the. petitioner's application for accidental disability retirement benefits pursuant to Administrative Code of the City of New York § 13-353, the appeal is from a judgment of the Supreme Court, Kings County (Barasch, J.), dated October 3, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner allegedly sustained injuries to his back as the result of six accidents which occurred in the line of duty—two in 1986, three in 1988, and one in 1992. While the petitioner was able to return to full duty following the first five accidents, he did not return to full duty after the sixth. After the Fire Commissioner recommended that he be retired on ordinary disability, the petitioner applied for service-related accidental disability retirement.

The Article 1-B Medical Board (hereinafter the Medical Board) concluded, upon a review of all the medical and accident records, that the petitioner's lumbar spine disability was degenerative in nature, and that the accidents were insufficient to cause the disability. It recommended to the Pension Fund Board of Trustees (hereinafter the Board of Trustees) that the petitioner be retired on ordinary rather than accidental disability. This recommendation was upheld by a tie vote when the Board of Trustees could not agree on the issue of causation (see, Matter of City of New York v Schoeck, 294 NY 559).

It is well established that where, as here, the Board of Trustees denies an application for accidental disability benefits in consequence of a tie vote, the denial may not be set aside "unless 'it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident' " (Matter of Meyer v Board of Trustees, 90 NY2d 139, 145; Matter of Canfora v Board of Trustees, 60 NY2d 347; Matter of Carbone v Board of Trustees, 242 AD2d 530). So long as there is any credible evidence that the disability was

not caused by the service-related injuries, the determination of the Trustees must stand (*see, Matter of Carbone v Board of Trustees, supra*, citing *Matter of Meyer v Board of Trustees*, 90 NY2d, at 145, *supra*). In general, it is neither arbitrary nor capricious for the Board of Trustees to rely upon the Medical Board's conclusion that a disability is not casually connected to an individual's line-of-duty injuries (*see, Matter of Meyer v Board of Trustees*, 90 NY2d, at 146, *supra; Matter of Carbone v Board of Trustees, supra*).

Applying these principles to the instant case, there is no basis for disturbing the determination of the Board of Trustees. The record indicates that the Medical Board made a thoughtful and comprehensive review of the evidence, as well as the accident reports, before concluding that the petitioner's disability was degenerative in nature, and thus unanimously recommended that he be retired with ordinary, rather than accidental pension benefits. Furthermore, by finding that the petitioner's service-related accidents were insufficient to cause his disability or his subsequent operation, the Medical Board implicitly considered and rejected the possibility that the petitioner's condition resulted from the aggravation of a preexisting condition. Since the recommendation of the Medical Board was based on credible medical evidence, the reliance on that recommendation was proper (*see, Matter of Meyer v Board of Trustees, supra; Matter of Carbone v Board of Trustees, supra*). Accordingly, as the Medical Board's report constituted expert medical opinion based on evidentiary proof reasonably tending to support the conclusion of a lack of causation between the accidents and the disabling condition, there is no basis for disturbing the determination of the Board of Trustees.

We have reviewed the petitioner's remaining contentions and find that they are without merit. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.