■ In the Matter of RICHARD SULLIVAN, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT et al., Appellants. [669 NYS2d 305] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund dated September 7, 1995, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated December 3, 1996, which, *inter alia,* granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

It is well established that where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees), denies an application for accidental disability benefits by consequence of a tie vote, the determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Shedd v Board of Trustees,* 177 AD2d 632). As long as there is any evidence of lack of causation before the Board of Trustees, its determination may not be disturbed (*see,*

*Matter of Meyer v Board of Trustees,* 90 NY2d 139, 145; *Matter of Carbone v Board of Trustees,* 242 AD2d 530).

Applying these principles to the facts of the present case, there was credible evidence before the Board of Trustees of lack of causation and, thus, its award of ordinary disability benefits should not have been annulled (*see, Matter of Meyer v Board of Trustees, supra,* at 150-151; *Matter of Carbone v Board of Trustees, supra*). Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.