■ In the Matter of WILLIAM DEICHLER, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [683 NYS2d 586] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Barasch, J.), dated April 10, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well established that where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board), denies an application for accidental disability benefits in consequence of a tie vote (see, Matter of City of New York v Schoeck, 294 NY 559) the Board's determination can be set aside on judicial review only if it can

be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Meyer v Board of Trustees,* 90 NY2d 139; *Matter of Wesarg v Board of Trustees,* 246 AD2d 601; *Matter of Carbone v Board of Trustees,* 242 AD2d 530). So long as there is any credible evidence that the disability was not caused by service related injuries, the determination of the Board must stand (*see, Matter of Meyer v Board of Trustees, supra*).

The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability (*see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). Where the medical evidence is equivocal on the issue of causation, then a petitioner has failed to meet his burden of proof (*see, Matter of Wesarg v Board of Trustees, supra*; *see also, Matter of Flynn v Board of Trustees,* 201 AD2d 730).

Applying the above legal principles to the instant case, it is clear that the Supreme Court properly denied the petition. The petitioner's medical records reveal that there was credible evidence to support the Article 1-B Medical Board's determination, reached on two separate occasions, that the petitioner's back condition was degenerative in nature, i.e., that his service-related accidents neither caused the condition nor aggravated any preexisting condition (*see, Matter of Sullivan v Board of Trustees,* 247 AD2d 544). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.