■ In the Matter of SALVATORE J. LUPPINO, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [694 NYS2d 699] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated October 11, 1996, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated May 1, 1998, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner sustained injuries to his back as a result of an August 31, 1993, line-of-duty traffic accident. The petitioner applied for a service-related accidental disability retirement. The New York City Fire Department Pension Fund Article 1-B Medical Board (hereinafter the 1-B Medical Board) concluded upon a review of all of the medical evidence that while the petitioner had sustained an injury to his lower back, he did not sustain a permanent disabling condition. However, the petitioner's hypertension, which was not duty-related, did present a permanent disabling medical condition. Thus, the 1-B Medical Board recommended to the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees) that the petitioner be retired for ordinary rather than accidental disability. This recommendation was upheld by a tie vote when the Board of Trustees could not agree if the disability was attributable to a line-of-duty injury (*see, Matter of City of New York v Schoeck,* 294 NY 559).

It is well settled that where the Board of Trustees denies an application for accidental disability benefits as the result of a tie vote, as occurred here, the determination of the Board of Trustees can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Carbone v Board of Trustees*, 242 AD2d 530). Further, as long as there was any credible evidence that the disability was not caused by the service-related injury, the determination of the Board of Trustees must stand (*see, Matter of Meyer v Board of Trustees*, 90 NY2d 139).

The record indicates that the 1-B Medical Board made a thoughtful and comprehensive review of all the medical evidence before concluding that the petitioner receive ordinary disability due to his hypertension. Since the recommendation of the 1-B Medical Board was based upon credible evidence, the reliance of the Board of Trustees on the recommendation was proper and its determination retiring the petitioner on ordinary disability is confirmed (*see, Matter of Meyer v Board of Trustees, supra; Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756; *Matter of Santoro v Board of Trustees*, 217 AD2d 660). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.