■ In the Matter of EMIL ALBANO, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE II PENSION FUND, Respondent. [730 NYS2d 159] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of New York City Fire Department, Article II Pension Fund, dated September 24, 1999, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated June 2, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was appointed to the New York City Fire Department in November 1968, and served as a firefighter for approximately 30 years. In August 1997 the petitioner was diagnosed with testicular cancer. Thereafter, in January 1999 the petitioner applied for an accident disability pension upon the ground that his cancer had presumptively been caused by the performance of his firefighting duties pursuant to General Municipal Law § 207-kk. This provision, enacted in 1994, states that "any condition of cancer affecting the lymphatic, digestive, hematological, urinary or prostate systems" incurred by a New York City firefighter who successfully passed a physical examination on entry into the service of the department "shall be presumptive evidence that it was incurred in the performance and discharge of duty." Following a review of medical evidence, the New York City Fire Department Pension Fund Article II Medical Board (hereinafter the Medical Board) concluded that the petitioner's cancer had not been presumptively incurred in the line of duty pursuant to the statute because there was no evidence of involvement of the lymphatic or urinary systems. Upon review, the Board of Trustees of New York City Fire Pension Fund (hereinafter the Board of Trustees) remitted the matter to the Medical Board for further consideration, but the

Medical Board adhered to its conclusion that the petitioner's testicular cancer did not come within the scope of General Municipal Law § 207-kk. The Board of Trustees were then deadlocked on the issue of whether the petitioner's cancer was causally related to his service as a firefighter. Accordingly, under the long-standing practice of the Board of Trustees (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139, 145), the petitioner's application for accidental disability retirement was denied, and ordinary disability benefits were awarded. The petitioner subsequently commenced this proceeding to set aside the Board of Trustees' determination, and the Supreme Court denied his petition and dismissed the proceeding.

Contrary to the petitioner's contention, the Supreme Court properly denied his petition. "Although the proper interpretation of a statute ordinarily presents an issue of law reserved for the courts * * * '[a]n administrative agency's interpretation of the statute it is charged with implementing is entitled to varying degrees of judicial deference depending upon * * * the special competence the agency is presumed to have developed in its administration of the statute'" (*Matter of Gruber [New York City Dept. of Personnel-Sweeney],* 89 NY2d 225, 231, quoting *Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47). Where the interpretation of a statute or its application entails an evaluation of factual data and inferences to be drawn therefrom, it is appropriate to defer to the governmental agency charged with the responsibility for administering the statute, and the agency's determination will be confirmed if it is supported by a rational basis (*see, Matter of Gruber [New York City Dept. of Personnel-Sweeney], supra,* at 231). Here, the determination as to whether testicular cancer, which is not expressly included in General Municipal Law § 207-kk, can be considered a cancer "affecting the lymphatic, digestive, hematological, urinary or prostate systems," does not solely involve a matter of statutory reading and analysis. Thus, it is appropriate to defer to the determination of the Board of Trustees, which properly relied upon the judgment and expertise of the Medical Board in reaching its conclusion that the petitioner's testicular cancer is not covered by the statute (*see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676). Under these circumstances, the determination of the Board of Trustees is supported by a rational basis, and we decline to disturb it (*see, Matter of Meyer v Board of Trustees, supra*). Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.