■ In the Matter of PATRICK J. FLAHERTY, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [774 NYS2d 549]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated April 26, 2002, which, inter alia, denied the petitioner's application for accidental disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), dated March 5, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for accidental disability retirement benefits based on a claim that herniated discs in his cervical spine were caused by his activities as a firefighter. The New York City Fire Department Pension Fund Article 1-B Medical Board (hereinafter the Medical Board) concluded that the

petitioner was disabled but that his disability was not service-related. The Medical Board therefore recommended to the respondent Board of Trustees of the New York Fire Department Article 1-B Pension Fund (hereinafter the Board of Trustees) that the petitioner be granted ordinary disability retirement benefits. This recommendation was upheld by a tie vote of the Board of Trustees.

Where, as here, the Board of Trustees denies an application for accidental disability retirement benefits as the result of a tie vote, its determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury. "[A]s long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 145 [1997]; *see Matter of Luppino v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 264 AD2d 483 [1999]).

The expert medical opinion of the Medical Board with respect to causation can constitute credible evidence sufficient to support the Board of Trustees' determination (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 146). Here, the Medical Board reviewed the medical evidence, and its opinion was based on evidentiary proof reasonably tending to support the conclusion of a lack of causation between the injuries in question and the petitioner's condition. Accordingly, the Board of Trustees' reliance on that recommendation was proper (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra; Matter of Luppino v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 484; *Matter of Cannella v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 258 AD2d 521, 522 [1999]). Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.