Matter of D'Alessandro v Nigro (2020 NY Slip Op 01497)





Matter of D'Alessandro v Nigro


2020 NY Slip Op 01497


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-10056
 (Index No. 1556/17)

[*1]In the Matter of Nicholas L. D'Alessandro, appellant,
v
Daniel A. Nigro, etc., et al., respondents.


Jeffrey Goldberg, Port Washington, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Susan Paulson of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated January 25, 2017, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 7, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
We agree with the Supreme Court's determination denying the petition and dismissing the proceeding. Where the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund (hereinafter the Board of Trustees) denies an application for accidental disability benefits as the result of a tie vote, as occurred here, the Board of Trustees must retire the applicant on an ordinary disability pension, and the determination of the Board of Trustees can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related accident (see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347; Matter of Luppino v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 264 AD2d 483; Matter of Jung v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 228 AD2d 681; Matter of Petchonka v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 204 AD2d 646). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability (see Matter of Deichler v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 257 AD2d 574; Matter of Wesarg v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 246 AD2d 601; Matter of Nicolosi v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 198 AD2d 282). As long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145; Matter of Flaherty v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 5 AD3d 769; Matter of Luppino v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 264 AD2d at 483).
Here, the petitioner failed to sustain his burden of establishing a causal relationship [*2]between the service-related accident and the claimed disability. There was credible evidence before the Board of Trustees that the petitioner's injury was not caused by the subject accident, including the results of xrays taken on the day of the accident and MRI exams conducted nine days after the accident. Therefore, the determination of the Board of Trustees should not be disturbed.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court