Matter of Giuliano v New York Fire Dept. Pension Fund (2020 NY Slip Op 03910)





Matter of Giuliano v New York Fire Dept. Pension Fund


2020 NY Slip Op 03910


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00602
 (Index No. 392/18)

[*1]In the Matter of Robert Giuliano, appellant,
v
New York Fire Department Pension Fund, et al. respondents.


Seelig Law Offices, LLC, New York, NY (Philip H. Seelig and Joshua Gohari of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Ashley R. Garman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York Fire Department Pension Fund dated November 21, 2017, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 4, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On August 12, 2014, the petitioner allegedly injured his right hip while working as a firefighter with the New York Fire Department. An MRI taken on August 28, 2014, revealed bilateral hip osteoarthritis, degenerative bilateral labrum tears, with paralabral cyst formation on both sides and bilateral hip joint effusions. On August 27, 2015, the petitioner underwent right hip resurfacing surgery. On April 20, 2016, the petitioner applied for accidental disability retirement benefits (hereinafter ADR). The Subchapter II Medical Board of the respondent New York Fire Department Pension Fund (hereinafter the Medical Board) evaluated the petitioner and reviewed medical records and determined that, although the petitioner was disabled due to his right hip injury, this disabling condition was causally related to chronic degenerative joint disease, not a work-related injury. The Medical Board determined that there was no evidence in the petitioner's medical records that "the new injury exacerbated a preexisting condition." Thus, the Medical Board recommended that the petitioner be granted an ordinary disability retirement. On November 21, 2017, the Board of Trustees of the New York Fire Department Pension Fund (hereinafter the Board of Trustees) adopted the recommendation of the Medical Board and denied the petitioner's application for ADR in a tie vote.
The petitioner commenced this CPLR article 78 proceeding to review the determination of the Board of Trustees. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding, finding that the determination was supported by credible medical evidence and thus was not arbitrary and capricious. The petitioner appeals.
"A firefighter is entitled to accidental disability retirement [benefits] when a medical examination and investigation shows that he or she is physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service'" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144, quoting Administrative Code of the City of New York § 13-353). The application for ADR involves a two-step process (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756). Following a medical examination, the three-physician member pension fund Medical Board, charged with passing upon all such required medical examinations and investigating all essential information in connection with a disability retirement application (see Administrative Code § 13-323), determines whether the member is disabled for performance of duty and ought to be retired (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144; Administrative Code § 13-352). If the Medical Board concludes that the member is disabled, it must then determine whether the disability is "a natural and proximate result of an accidental injury received in such city-service" and certify its recommendation on this issue to the Board of Trustees, which is ultimately responsible for retiring the city service member and determining the issue of service-related causation (Administrative Code § 13-353; see Administrative Code § 13-323[b]; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144; Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 143 AD2d 674, 676). The Board of Trustees is entitled to rely on the advisory opinion of the Medical Board regarding causation (see Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 143 AD2d at 676). The burden of establishing that a disability is causally related to a line-of-duty accident rests with the applicant for ADR benefits (see Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d 715, 715-716; Matter of Hine v Rivera, 226 AD2d 534, 534).
When a vote by a Board of Trustees to retire a city service member under ADR results in a tie, the Board of Trustees is required to retire the member under Ordinary Disability Retirement benefits (hereinafter ODR) (see Matter of D'Allessandro v Nigro, 181 AD3d 596). "On subsequent review in an article 78 proceeding, the reviewing court may not set aside the Board of Trustees' denial of accidental disability retirement resulting from such a tie vote unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 145 [internal quotation marks omitted]). Under this standard, "as long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand" (id. at 145). Credible evidence "is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered, and . . . must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion" (id. at 147 [citations omitted]). Moreover, "the courts cannot weigh the medical evidence or substitute their own judgment for that of the Medical Board" (Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art.1-B Pension Fund, 217 AD2d 660, 660 [citations omitted]).
Here, the Medical Board's determination that the petitioner's right hip disability was causally related to chronic degenerative joint disease was supported by credible evidence consisting of the operative report and notes from the petitioner's right hip replacement procedure, which included a diagnosis for degenerative arthritis, and the August 28, 2014, MRI report, which describes degenerative "bilateral superior labrum tears" (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 145). Moreover, the Medical Board provided an "articulated, rational, and fact-based medical opinion" for how it came to its conclusion (Matter of Fernandez v Board of Trustees of N.Y. Fire Dept. Pension Fund, Subchapter 2, 81 AD3d 950, 952 [internal quotation marks omitted]), as it explicitly referenced the findings of degenerative tears and osteoarthritis in the medical records. The Medical Board's findings differ from those of the petitioner's surgeon, who found that it was likely that the petitioner's condition was causally related to work injuries and that the petitioner may have exacerbated a pre-existing condition. However, "[w]here conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within the province of the Medical Board to resolve such conflicts" (Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 37 AD3d 478, 478).
It was not arbitrary or capricious for the Board of Trustees to find that the petitioner did not establish that his disability was the natural and proximate result of his line-of-duty accident (see Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d at 717). The Board of Trustees was entitled to rely on the Medical Board's recommendation in voting to deny ADR benefits to the petitioner (see Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841, 843), and there is no basis herein to disturb the Board of Trustees' determination (see Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d at 717).
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court