Matter of Smith v City of New York (2022 NY Slip Op 05325)

Matter of Smith v City of New York

2022 NY Slip Op 05325

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-04449
 (Index No. 1621/18)

[*1]In the Matter of Baraka K. Smith, appellant, 
v
City of New York, Fire Department, Board of Trustees, respondent. Baraka K. Smith, Brooklyn, NY, appellant pro se.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Kevin Osowski and MacKenzie Fillow of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Pension Fund, Subchapter 2, dated March 28, 2018, denying the petitioner's application for accidental disability retirement benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 2, 2019. The order, insofar as appealed from, upon reargument, in effect, adhered to a prior determination in a judgment of the same court dated October 29, 2018, denying the petition and, in effect, dismissing the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner, a New York City firefighter, allegedly was physically and sexually assaulted by two fellow firefighters. The petitioner was subsequently diagnosed with post-traumatic stress disorder in connection with that assault, and the Fire Commissioner approved the submission of an application for the petitioner's retirement for disability. The Medical Board of the New York City Fire Pension Fund, Subchapter 2 (hereinafter the Medical Board), considered the application and recommended to the Board of Trustees of the New York City Fire Pension Fund, Subchapter 2 (hereinafter the Board of Trustees), that the petitioner receive accidental disability retirement benefits (hereinafter ADR). The Board of Trustees considered the issue of whether the petitioner's disability was the result of a service-related accident when it voted on the petitioner's application for ADR and denied the application in a tie vote. Accordingly, on March 28, 2018, the Board of Trustees passed a resolution retiring the petitioner for ordinary disability retirement benefits in accordance with Matter of City of New York v Schoeck (294 NY 559).
Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees denying his application for ADR. In a judgment dated October 29, 2018, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner subsequently moved for leave to reargue. In an order dated April 2, 2019, the court, inter alia, upon reargument, in effect, adhered to the original determination denying the petition and, in effect, dismissing the proceeding. The petitioner appeals from the order dated April 2, 2019.
"A firefighter is entitled to [ADR] when a medical examination and investigation [*2]shows that he or she is 'physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service'" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144, quoting Administrative Code of City of NY § 13-353). "The application for ADR involves a two-step process" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 813; see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756). "Following a medical examination, the three-physician member pension fund Medical Board, charged with passing upon all such required medical examinations and investigating all essential information in connection with a disability retirement application, determines whether the member is disabled for performance of duty and ought to be retired" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 813 [citation omitted]; see Administrative Code §§ 13-352, 13-353; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144).
"If the Medical Board concludes that a member is disabled, it must then determine whether the disability is 'a natural and proximate result of an accidental injury received in such city-service' and certify its recommendation on this issue to the Board of Trustees, which is ultimately responsible for retiring the city service member and determining the issue of service-related causation" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 814, quoting Administrative Code § 13-353; see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144; Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 143 AD2d 674, 676). The Board of Trustees is entitled to rely on the advisory opinion of the Medical Board regarding causation (see Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 814). However, while the Board of Trustees is "bound by the medical board's determination of disability, it is not bound by the medical board's determination that said disability resulted from a service-related accident. The function and duty of determining the 'circumstances' of the disqualification . . . is conferred upon the board of trustees" (Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351; see Administrative Code § 13-168[a]; Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 46 AD3d 346, 348). The burden of establishing that a disability is causally related to a line-of-duty accident rests with the applicant for ADR (see Matter of Giuliano v New York City Fire Dept. Pension Fund, 185 AD3d at 814; Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d 715, 715-716).
"When a vote by a Board of Trustees to retire a city service member under ADR results in a tie, the Board of Trustees is required to retire the member under Ordinary Disability Retirement Benefits" (Matter of Giuliano v New York City Fire Dept. Pension Fund, 185 AD3d at 814; see Matter of D'Alessandro v Nigro, 181 AD3d 596, 596). "On subsequent review in an article 78 proceeding, the reviewing court may not set aside the Board of Trustees' denial of [ADR] resulting from such a tie vote unless 'it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident'" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 145, quoting Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d at 352). "Under this standard, 'as long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand'" (Matter of Giuliano v New York City Fire Dept. Pension Fund, 185 AD3d at 814, quoting Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 145).
An "accident" for public pension purposes occurs "when a City employee is injured as a result of 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Kehoe v City of New York, 81 NY2d 815, 817, quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y. Art. II, 57 NY2d 1010, 1012 [internal quotation marks omitted]). "It is the precipitating cause of the injury, rather than the job assignment at the time, that determines entitlement to [ADR]" (Matter of Hallihan v Ward, 169 AD2d 542, 542).
As the Supreme Court correctly determined, the denial of the petitioner's application for ADR was not arbitrary and capricious, as the Board of Trustees' determination that the injuries caused by the assault did not result from an accident is rational and not an abuse of discretion or contrary to the law (see Matter of Amar v New York City Empls.' Retirement Sys., 187 AD3d 687, [*3]688; Matter of Walsh v Scopetta, 73 AD3d 1192, 1193-1194, affd 18 NY3d 850; Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 46 AD3d at 348; Matter of Baird v Kelly, 25 AD3d 311, 313; see generally Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d at 1012).
The petitioner's remaining contentions are either not properly before this Court or without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court