Matter of Kearney v Nigro (2022 NY Slip Op 06007)

Matter of Kearney v Nigro

2022 NY Slip Op 06007

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-01921
 (Index No. 603/18)

[*1]In the Matter of Joseph M. Kearney, appellant,
v
Daniel A. Nigro, etc., et al., respondents.

Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Amy McCamphill of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated November 21, 2017, which denied the petitioner's application for accidental disability retirement benefits and retired him on ordinary disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 26, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On May 18, 2015, the petitioner allegedly sustained an injury to his right hip when he tripped and fell while working as a firefighter with the New York City Fire Department. An MRI taken on August 14, 2015, revealed "[s]evere degenerative arthrosis of the right hip joint with significant reactive marrow edema within the proximal femur and supra-acetabular region." On January 5, 2016, the petitioner underwent right total hip arthroplasty.
On September 20, 2016, the petitioner applied for accidental disability retirement (hereinafter ADR) benefits. The Subchapter II Medical Board of the New York City Fire Department Pension Fund (hereinafter the Medical Board), after evaluating the petitioner and reviewing his medical records, determined that, although the petitioner was disabled due to his right hip injury, this disabling condition was causally related to chronic degenerative joint disease, not a work-related injury. Thus, the Medical Board recommended that the petitioner be granted an ordinary disability retirement.
At the petitioner's request, the Board of Trustees of the New York City Fire Department Pension Fund (hereinafter the Board of Trustees) remanded the matter to the Medical Board to review a recent report of the petitioner's surgeon, in which he opined that the petitioner had "post-traumatic unilateral right hip arthritis following an on-the-job injury." Upon reconsideration and following review of the surgeon's recent report, the Medical Board disagreed with the surgeon, stating that the surgeon had not identified any basis for his description of the petitioner's arthrosis as "post-traumatic," and that there was no evidence that the petitioner had unilateral arthrosis "since [*2]no dedicated left hip MRI was performed." The Medical Board found no new evidence that would change its previous determination and, therefore, once again recommended that the petitioner be granted an ordinary disability retirement. On November 21, 2017, the Board of Trustees, in a tie vote, adopted the recommendation of the Medical Board and denied the petitioner's application for ADR benefits.
The petitioner commenced this CPLR article 78 proceeding to review the determination of the Board of Trustees. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding, concluding that the determination was supported by credible medical evidence and, thus, was not arbitrary and capricious. The petitioner appeals.
"A firefighter is entitled to accidental disability retirement [benefits] when a medical examination and investigation shows that he or she is 'physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service'" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144, quoting Administrative Code of the City of New York § 13-353). The application for ADR benefits involves a two-step process (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756). Following a medical examination, the Medical Board, consisting of three physicians and charged with passing upon all such required medical examinations and investigating all essential information in connection with a disability retirement application (see Administrative Code § 13-323), determines whether the firefighter is disabled for performance of duty and ought to be retired (see id. § 13-352; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144). If the Medical Board concludes that the firefighter is disabled, it must then determine whether the disability is "a natural and proximate result of an accidental injury received in such city-service" and certify its recommendation on this issue to the Board of Trustees, which is ultimately responsible for retiring the city service member and determining the issue of service-related causation (Administrative Code § 13-353; see id. § 13-323[b]; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144; Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 143 AD2d 674, 676).
Where, as here, a vote by the Board of Trustees on an application for ADR benefits results in a tie, the application is denied, and the firefighter is awarded ordinary disability retirement benefits (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 144-145). "On subsequent review in an article 78 proceeding, the reviewing court may not set aside the Board of Trustees' denial of accidental disability retirement resulting from such a tie vote unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (id. at 145 [internal quotation marks omitted]). Under this standard, "as long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand" (id.). Credible evidence "is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered" (id. at 147). It "must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion" (id.). In reviewing a determination by the Board of Trustees, "the courts cannot weigh the medical evidence or substitute their own judgment for that of the Medical Board" (Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art.1-B Pension Fund, 217 AD2d 660, 660).
Here, the Medical Board's initial determination that the petitioner's "right hip disability is causally related to Chronic Degenerative Joint Disease," which remained unchanged upon further consideration, was supported by credible evidence, consisting of the results of the MRI performed on August 14, 2015, showing "[s]evere degenerative arthrosis of the right hip joint" (see Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 814-815; Matter of Carbone v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 242 AD2d 530, 531-532; Matter of Connelly v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 237 AD2d 602, 602-603). Accordingly, it cannot be determined as a matter of law that the petitioner's disability was caused by his May 2015 accident. Moreover, contrary to the petitioner's contention, the record does not support a determination, as a matter of law, that his pre-existing degenerative [*3]condition was exacerbated by the accident (see Matter of Tobin v Steisel, 64 NY2d 254, 258-259; Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443; Matter of Ryan v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 247 AD2d 480, 481; Matter of Connelly v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 237 AD2d at 603).
Although the Medical Board's findings as to causation differed from those of the petitioner's surgeon, who characterized the petitioner's arthrosis as "post-traumatic," the Medical Board explained that it disagreed with that characterization, since there was no basis for it in the petitioner's medical records. We see no reason to question this determination by the Medical Board, particularly in view of the principle that, "[w]here conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within the province of the Medical Board to resolve such conflicts" (Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 37 AD3d 478, 478; see Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 815).
In voting on the petitioner's application for ADR benefits, the Board of Trustees was entitled to rely on the Medical Board's opinion regarding causation (see Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841, 843; Matter of Russo v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 143 AD2d at 676), and there is no basis on which to disturb the Board of Trustees' determination that the petitioner's disability was not the natural and proximate result of his line-of-duty accident (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 152; Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 815; Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d 715, 717; Matter of Ryan v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 247 AD2d at 481; Matter of Carbone v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 242 AD2d at 532).
In reaching our determination we have not considered the petitioner's hospital records or the references thereto in the parties' briefs, as those documents were not among the medical records reviewed by the Medical Board (see Matter of Scott v Westchester County, 204 AD3d 807, 809).
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court