Matter of Mungiguerra v Nigro (2025 NY Slip Op 00292)

Matter of Mungiguerra v Nigro

2025 NY Slip Op 00292

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 150692/22 Appeal No. 3541 Case No. 2023-06789 

[*1]In the Matter of Robert E. Mungiguerra, Petitioner-Respondent,
v
Daniel A. Nigro etc., et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for appellants.
Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Laurence L. Love, J.), entered August 10, 2023, granting the petition to annul respondent Board of Trustees's determination, dated September 29, 2021, which denied petitioner's application for accidental disability retirement (ADR) benefits, to the extent of awarding petitioner accidental disability retirement benefits retroactive to the date of his retirement, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
On January 15, 2021, petitioner filed an application for ADR benefits based on line-of-duty (LOD) injuries to his left knee, left shoulder, and lower back. When it evaluated petitioner's application, the New York City Fire Pension Fund Medical Board determined that petitioner's knee and shoulder conditions rendered him disabled. However, the Medical Board found that petitioner's knee condition was proximately caused by chronic degenerative joint disease, not by his LOD injuries, and further that no objective medical evidence connected his shoulder condition—a partial interstitial tear in a shoulder tendon with mild to-moderate supraspinatus tendinosis—to his most recent injury. A separate Medical Board reviewed petitioner's back condition and found that it was not disabling. The Board of Trustees of the NYFD Pension Fund then voted 6-6 on the application for ADR benefits with respect to petitioner's left knee and left shoulder injuries, thus denying ADR benefits and granting ordinary disability retirement benefits instead. The Trustees did not consider petitioner's back injury because they were bound by the Medical Board's determination on that issue.
Supreme Court granted petitioner's article 78 petition, finding that the Medical Boards, in denying ADR benefits, had issued conclusory decisions that did not sufficiently articulate their reasoning. Supreme Court further found that the Boards did not address the opinions of petitioner's treating physicians.
Supreme Court improperly substituted its judgment for that of the Medical Boards, as credible evidence supported the conclusions that the disabling conditions in petitioner's knee and shoulder were not proximately caused by any of his LOD injuries and that his lower back injury did not render him disabled (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 761 [1996]; Matter of Appleby v Herkommer, 165 AD2d 727, 728 [1st Dept 1990]). In considering petitioner's knee condition, the Medical Board noted that the surgeon who performed petitioner's arthroscopy found significant chondrocalcinosis, a form of age-related degenerative arthritis, throughout the knee. Petitioner's records also included findings of osteoarthritis, a degenerative tear in the knee, as well as tendinosis(see Matter of Lamar v Nigro, 223 AD3d 470, 470 [1st Dept 2024], lv denied 42 NY3d 909 [2024]). Furthermore, the records before the Medical [*2]Board failed to establish a connection between petitioner's left shoulder condition and LOD injuries (see e.g. Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 814 [2d Dept 2020] ["The burden of establishing that a disability is causally related to a line-of-duty accident rests with the applicant for ADR benefits"]). Finally, petitioner presented no evidence that conflicted with the Medical Board's conclusion that his back condition was not disabling.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025